Knowles, J.
This is a suit in equity in which the complainant, as trustee of the estate of Frederic W. Whipple, prays that two mortgages made by said Frederic to his mother, Almira Whipple, April 27 and April 28, 1876, be set aside as invalid under the provisions of the bankrupt act. The first of these mortgages was of the Gaza mill estate, in Burrillville, comprising real and personal estate and property; the second, of a mansion house suitate in Elmwood, in or near the city of Providence. But as the Elmwood estate has proved insufficient to satisfy the claim of a prior mortgage, and of no avail to the defendant, the validity of that mortgage is not now a matter of controversy between the parties. Among the facts agreed are these:
First. The mortgage of the Gaza mill property was made and executed April 27, 1876.
Second. A creditor’s petition in bankruptcy against said Frederic Whipple was filed June 26, 1876, to which the respondent filed a denial of the act or acts of bankruptcy oharged, and also a denial of the sufficiency in number and amount of creditors, and that it was referred to a register to inquire and report upon the question of sufficiency.
*771 Third. That before any report from the register was made— that íb, sometime prior to February 3,1877 — said Frederic W. Whipple withdrew his denials aforesaid, and assented to a decree of bankruptcy against him, which was entered on said third of February, 1877.
Fourth. That said Southwick was duly appointed trustee on the fourteenth of April, 1877.
Fifth. That said Almira Whipple advertised the Burrillville property for sale under her mortgage, to be sold at auction on the seventeenth of May, 1877, and the Elmwood estate on the twenty-fourth of May, 1877.
Sixth. That the complainant’s bill was filed May 7, 1877, the defendant’s answer May 28, 1877, and complainant’s replication June 11, 1877.
Of the bill, with its amendments of May 18 and October 18, 1877, it seems sufficient here to say that it embodies all essential and usual allegations and charges; and of the answer, that it admits some of those allegations, denies others, and sets up and avers readiness to prove a certain parol agreement, in view of which it was asserted said mortgages should and must be held unimpeachable by the trustee, even were it conceded or shown that but for this agreement the complainant would be entitled to the decree prayed in his bill. And here it seems proper to state that after the testimony, taken by the complainant and the defendant respectively, had been printed, preparatory to a hearing of the cause, the defendant prayed leave to file a supplemental answer, “setting forth the facts in said cause more precisely, and as explanatory of his answer already filed in the cause, and for the reasons set forth in his affidavit filed.” This motion the complainant resisted, but the court, by a pro forma ruling, sustained it, and a supplemental answer was filed February 13, 1879.
The charge or charges in the bill as first amended, which the complainant assumed the burden of substantiating, were that on the twenty-seventh of April, 1876, the said Frederic W. Whipple, being insolvent or in contemplation of insolvency, made said conveyance or mortgage, with a view to give a preference to said Almira Whipple, and that said Almira *772 received the same having reasonable cause to believe said Frederic was insolvent, and knowing that said conveyance was in fraud of the provisions of the bankrupt act, and the ■amendments thereto. And, by the second amendment, to these was added the charge that said conveyance is void and of no effect in equity and at common law, being an instrument which, in effect, hinders and delays the creditors of said Whipple in the collection of their just debts against him, and is void, also, under the provisions of chapter 162 of the General Statutes of Rhode Island. But inasmuch as these ■points, though stated in defendant’s brief, were not pressed by the complainant in the close, I dismiss them from consideration as not sustained.
Not so, however, as to the charges in the bill as first amended. The several averments as to the insolvency of the grantor, the belief of the grantee as to the grantor’s insolvency, the intent of the grantor, and the knowledge of the grantee that the conveyance was in fraud of the provisions of the bankrupt act, were the subjects of prolonged and exhaustive discussion by the learned counsel of the parties, who, agreeing substantially as to the principles of law involved, differed' widely and irreconcilably as to the weight and materiality of the facts claimed to be established by the testimony, bearing upon the relations, and dealings, and correspondence of the mother and son.
In view of these facts, and especially of the legitimate presumptions which they warrant and necessitate, I am constrained to adjudge that the complainant, by his testimony and argument, establishes satisfactorily the several allegations upon which his claim for a decree is grounded and pressed. As this evidence is set forth in extenso in the printed record, it seems not necessary in this connection to state it in detail, or to indulge in comment upon any portion of it. Neither does it- seem necessary in this connection to state in explicit terms what portion of the testimony submitted I have been constrained to disregard as either incompetent, irrelevant, incredible or mendacious. It seems sufficient to say that, upon the issues presented at the hearing, *773 upon which the burden of proof rested on the complainant, I find for him and against the defendant.
This leaves for consideration only the special matter of defence set up in the defendant’s answer, and referred to in her supplemental answer, and in the testimony of her son-This was, in substance, that she, early in 1874, began to indorse the paper of her son, under a promise and assurance that he would secure her against loss or damage, and that the conveyance of April 27, 1876, was made in fulfilment of that promise, and was therefore unimpeachable by the complainant. And in support of this view the testimony of the-son, a recital in the deed of April 27th, and this defendant’s-allegations, in her general and supplemental answers, were-referred to and made a subject of exhaustive argument. But on behalf of the complainant it was argued and insisted that the evidence failed to show that any sufficient agreement to-give security was satisfactorily proven; the fact being, as contended, that this defence was purely an afterthought on the part of the defendant and her son, and his or her advisers; or, if anything more than a pretence, it had no other foundation than some mention of security, in which no specific-property was named or pledged; and in support of this view the testimony of two witnesses, to the effect that the mother, shortly after the making of the deed, admitted that she had never heard anything of a mortgage to her until about the date of the mortgage, was cited, as also certain passages in. letters from her to her son.
And, corroboratory of this view, too, it was argued, were-the serious discrepancies and inconsistencies in the statements of the alleged promise and agreement, by the son, in his testimony as a witness, and his mother, the defendant, in her answer and supplemental answer. Her neglect, or rather refusal, to appear as a witness in the cause, and support, by her oath, as a party witness, the answer she had signed, and to contradict the testimony of the witnesses to-her admission as above stated, was also referred to as a fact-not to be ignored or undervalued.
Upon the defendant is the burden of substantiating this- *774 defence. This, in my judgment, she fails to do. The weight of evidence — that which convinces the mind — and of argument, too, is against her.
A decree for the complainant must be entered.